1  ANDREW L. PACKARD (State Bar No. 168690)
2  MICHAEL P. LYNES (State Bar No. 230462)
   Law Offices of Andrew L. Packard
3  319 Pleasant Street
   Petaluma, CA 94952
4  Tel: (707) 763-7227
   Fax: (707) 763-9227
5  E-mail: Andrew@packardlawoffices.com

6  Attorneys for Plaintiff
   CALIFORNIA SPORTFISHING PROTECTION ALLIANCE
7
8  MARK S. POLLOCK (State Bar No. 80539)
   C. EVANGELINE JAMES (State Bar No. 190205)
9  POLLOCK & JAMES
   952 Jefferson Street
10 Napa, CA 94559
   Tel: (707) 763-7227
11 Fax: (707) 762-9227
   E-mail: mpollock@napanet.net
12
   Attorneys for Defendants
13 PETALUMA LIVESTOCK AUCTION YARD
    and MANUEL A. BRAZIL

14

15              **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17 CALIFORNIA SPORTFISHING          Case No: C-06 6725 CW
   PROTECTION ALLIANCE, a non-profit
18 corporation,                      ORDER GRANTING

19            Plaintiff,             STIPULATION FOR EARLY
                                     DISCOVERY
20       vs.

21 PETALUMA LIVESTOCK AUCTION        (Federal Water Pollution Control Act,
   YARD, INC., a California corporation, and   33 U.S.C. §§ 1251 to 1387; F.R.C.P. 29)
22 MANUEL A. BRAZIL, an individual,

23            Defendants,

24

25      **WHEREAS**, Plaintiff California Sportfishing Protection Alliance (hereinafter

26 "CSPA" or "Plaintiff"), a non-profit corporation dedicated to the protection, enhancement

27 and restoration of the wetlands, rivers, creeks and tributaries of the San Francisco Bay and its

28

---

STIPULATION FOR EARLY DISCOVERY;                    1                    Case No.: C 06 6725 CW
ORDER THEREON

1   tributaries and other waters in the State of California;

2        **WHEREAS,** Defendant Petaluma Livestock Auction Yard is a corporation organized

3   under the laws of the State of California;

4        WHEREAS, Defendant Manuel A. Brazil is an individual;

5        **WHEREAS,** Defendants Petaluma Livestock Auction Yard and Manuel A. Brazil

6   (collectively "Defendants") own and operate a livestock auction yard (hereinafter "Livestock

7   Auction Yard"), with additional services of animal feed and storage, animal waste collection

8   and storage, vehicle storage and maintenance, and storage of dead animals;

9        **WHEREAS,** on or about August 26, 2006, CSPA served Defendants, the United

10  States Attorney General, the national and Region IX offices of the United States

11  Environmental Protection Agency, the State Water Resources Control Board ("State Board")

12  and the Regional Water Quality Control Board – San Francisco Bay Region ("Regional

13  Board") with a Notice of Violation and Intent to File Suit ("60-Day Notice") under Sections

14  505(a)(1) and (f) of the Federal Water Pollution Control Act (the "Act" or "Clean Water

15  Act"), 33 U.S.C. § 1365(a)(1) and (f);

16

17       **WHEREAS,** on October 30, 2006, CSPA filed a complaint against Defendants in the

18  United States District Court for the Northern District of California, entitled *California*

19  *Sportfishing Protection Alliance v. Petaluma Livestock Auction Yard, Inc. and Manual A.*

20  *Brazil.* (Case No. C 06 6725 CW) (hereinafter "Complaint" or "Action"), wherein CSPA

21  alleged various ongoing violations of the Clean Water Act;

22       **WHEREAS,** the Complaint alleges that Defendants discharge storm water from the

23  Livestock Auction Yard in violation of State Water Resources Control Board Water Quality

24  Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit

25  No. CAS000001, Waste Discharge Requirements for Discharges of Storm Water Associated

26  with Industrial Activities Excluding Construction Activities (hereinafter, the "General

27  Permit");

28

**WHEREAS**, among other prohibitions and requirements, the General Permit requires facilities subject to its requirements to implement a monitoring and reporting program to assess discharges during the "wet season," from October 1 through May 30 of each year;

**WHEREAS**, on November 21, 2006, Defendants answered the Complaint and denied that Defendants are subject to the requirements of the General Permit;

**WHEREAS**, the Court issued its "Order Setting Initial Case Management Conference and ADR Deadlines" on October 30, 2006, which set January 12, 2007 as the last day for the parties to meet and confer in compliance with Federal Rule of Civil Procedure ("F.R.C.P") Rule 26(f) to develop a discovery plan and discuss the case;

**WHEREAS**, certain discovery requests prior to the Rule 26(f) conference may be allowed where the need for discovery outweighs prejudice to the party on whom the demand is made (*Semitool, Inc. v. Tokyo Electonic Ass'n*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)) and whereas good cause may exist where physical evidence may be consumed or destroyed before discovery may take place according to the schedule set forth in Rule 26;

**WHEREAS**, CSPA believes that good cause exists for it to propound a Request for Inspection of Property pursuant to F.R.C.P. 34 to inspect Defendant's property located at 84 Corona Road, Petaluma, California, during a rain event prior to the parties' Rule 26(f) conference because CSPA believes that evidence of Defendants' violations of the Act (e.g., storm water discharges from the site to the two adjacent creeks that bound the property in question) is being destroyed during each rain event at the property;

**WHEREAS**, if CSPA must wait to propound its inspection request until after the Rule 26(f) conference and exchange of initial disclosures, CSPA's opportunities to inspect the site during a rain event will be greatly diminished;

**WHEREAS**, on November 30, 2006, counsel for CSPA informed counsel for Defendants of CSPA's position and suggested that the parties agree to stipulate that CSPA may inspect the property during a rain event prior to the parties' Rule 26(f) conference and

exchange of initial disclosures pursuant to the following terms:

(1)    counsel for CSPA will monitor weather forecasts for upcoming rain events;

(2)    upon learning of a likely rain event at the Auction Yard, counsel for CSPA will provide counsel for Defendants with preliminary notice of CSPA's intent to conduct the wet weather site inspection at least 36 hours prior to the time the inspection will begin (9:00 a.m.);

(3)    counsel for CSPA will confirm or cancel the preliminarily noticed inspection by not later than 10:00 p.m. the evening prior to the inspection by leaving a message for counsel at their office telephone or any other prearranged telephone number;

(4)    CSPA will send at most three representatives, including its expert and counsel, to conduct the site inspection;

(5)    CSPA's representatives will be accompanied by Defendants' representatives during the entire inspection;

(6)    CSPA will be permitted to inspect, photograph, test, videotape or sample from the following areas at the Auction Yard:

(a)    any areas or equipment from which liquids or runoff may drain or be drained or discharged;

(b)    all storm drains or other conveyances of storm water to and from the property;

(c)    all berms and other structural management practices intended to control water flows on the property;

(d)    all entrances and exits;

(e)    all storm water pollution management measures; and

(f)    all areas that may be subject to potential spills of materials or other potential pollutants that may contaminate storm water.

(7)   Results of analysis of samples taken by CSPA will be shared with Defendants;

(8)   CSPA will make every effort to provide notices earlier than the above deadlines; and

(9)   CSPA will indemnify Defendants, and hold them harmless for any property damage inflicted to the Auction Yard or personal injury suffered by anyone as a direct result of actions by CSPA's representatives present at the inspection, except to the extent such property damage or personal injury was caused by the negligence of Defendants or their representatives;

**WHEREAS,** the parties stipulate pursuant to F.R.C.P. 29 that CSPA's Request for Inspection of Property attached hereto as Exhibit A shall be deemed served on the Defendants upon entry of this order.

Dated: _12/15/06_          LAW OFFICES OF ANDREW L. PACKARD

By: _____
Andrew L. Packard
Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

Dated: _12/14/06_          LAW OFFICE OF POLLOCK & JAMES

By: _____
Mark S. Pollock
Attorneys for Defendants
PETALUMA LIVESTOCK AUCTION YARD and
MANUEL A. BRAZIL

STIPULATION FOR EARLY DISCOVERY;
ORDER THEREON                          5                          Case No.: C 06 6725 CW

1    [PROPOSED] ORDER

2    Good cause appearing, and the parties having stipulated and agreed,

3    **IT IS HEREBY ORDERED** that Plaintiff California Sportfishing Protection

4    Alliance's Request for Inspection of Property attached hereto as Exhibit A is deemed served,

5    upon entry of this order, on Defendants Petaluma Livestock Auction Yard and Manuel A.

6    Brazil.

7    Dated:      12/22/06

8                                                    Hon. Claudia A. Wilkens

9                                                    United States District Court Judge
                                                     Northern District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR EARLY DISCOVERY;
ORDER THEREON                              1                    Case No.: C 06 6725 CW

**EXHIBIT A**

ANDREW L. PACKARD (Cal. Bar No. 168690)
MICHAEL P. LYNES (Cal. Bar No. 230462)
Law Offices of Andrew L. Packard
319 Pleasant Street
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (707) 763-9227
E-mail: andrew@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation, | Case No. C 06 6725 CW |
|---|---|
| Plaintiff, | PLAINTIFF'S FIRST REQUEST FOR INSPECTIONS OF LAND AND PROPERTY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34 |
| vs. | |
| PETALUMA LIVESTOCK AUCTION YARD, INC., a California corporation, and MANUEL A. BRAZIL, an individual, | |
| Defendants. | |

To: Defendants Petaluma Livestock Auction Yard, Inc., Manuel A. Brazil, and counsel Mark S. Pollack:

You are requested pursuant to Rule 34(a) of the Federal Rules of Civil Procedure to permit Plaintiff California Sportfishing Protection Alliance ("CSPA") to enter your property and facility located at 84 N. Corona Road, Petaluma, California during one rain event during the Wet Season (as defined in the General Industrial Storm Water Permit) commencing October 1, 2006 and continuing through May 31, 2007) to inspect, photograph, test, videotape, or sample the following areas of such facility: (1) any areas or equipment from which liquids or runoff may drain or be drained or discharged; (2) all

storm drains or other conveyances of storm water to and from the property; (3) all berms and other structural management practices intended to control water flows on the property; (4) all entrances and exits; (5) all storm water pollution management measures; and (6) all areas that may be subject to potential spills of materials or other potential pollutants that may contaminate storm water.

It is further requested that the dates for making such entry be determined through the following procedure. Based on available weather forecasts, counsel for CSPA shall provide to Defendants' counsel preliminary notice of CSPA's intent to conduct a wet weather site inspection at least 36 hours prior to the time the inspection will begin (9:00 a.m.). CSPA shall confirm or cancel the preliminarily noticed inspection by not later than 10:00 p.m. the evening prior to the inspection by leaving a message for counsel at their office telephone or any other prearranged telephone number. CSPA will make every effort to provide notices earlier than the above deadlines.

Duly noticed and confirmed site inspections shall begin not later than 9:00 a.m. The parties may mutually agree to adjust the start time of any specific site inspection.

As previously agreed by the parties, CSPA will send at most three representatives to conduct the site inspection. CSPA further agrees to indemnify Defendants for physical injury to the property caused by CSPA representatives during the site inspection.

This request for site inspections is in addition to any other site inspections requested by CSPA or agreed upon by the parties. Service of a written response to this request is due from you within 30 days of the date of service of this request. Your response must state that production and related activities will be permitted as requested or that the requested production is objected to, in which event the reasons for your objection must be stated.

1    Dated: ___12/15/06___          LAW OFFICES OF ANDREW L. PACKARD

2

3                                   By: _____

4                                       Andrew L. Packard
                                        Attorneys for Plaintiff
5                                       CALIFORNIA SPORTFISHING
                                        PROTECTION ALLIANCE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28